*E-Filed 10/3/13*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DARRYL BURGHARDT,<br><br>    Plaintiff,<br><br>  v.<br><br>J. FRANZ, et al.,<br><br>    Defendants.<br>_____ / | No. C 12-5190 RS (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. After reviewing the amended complaint pursuant to 28 U.S.C. § 1915A(a), the Court dismisses the complaint with leave to file an amended complaint on or before November 15, 2013.

## DISCUSSION

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

*See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that (1) J. Franz, a correctional officer at Pelican Bay State Prison ("PBSP"), violated his First and Eighth Amendment rights by smashing plaintiff's hand in a food tray in retaliation for attempting to file a prison grievance; (2) R. Graham, also a PBSP correctional officer, violated his First Amendment rights by retaliating against him for filing a grievance; (3) G.A. Kelly, also a Pelican Bay correctional officer, refused to rectify or prevent Franz's acts of retaliation; and (4) K. Bragger, also a correctional officer, furthered the First and Eighth Amendment violations by falsifying a medical report and through other acts. Liberally construed, Claims 1, 3, and 4 are cognizable under § 1983. Claim 2, however, lacks sufficient detail. Plaintiff alleges that R. Graham placed him in danger, yet

fails to provide specific details (such as times, dates, places, the names of the persons involved) regarding the dangers he faced. In his amended complaint, plaintiff must supply such specific details.

The complaint is DISMISSED with leave to amend. **Plaintiff shall file an amended complaint on or before November 15, 2013.** The first amended complaint must include the caption and civil case number used in this order (12-5190 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint *all* the claims he wishes to present and *all* of the defendants he wishes to sue, including Claims 1, 3, and 4 found cognizable above. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Any claims not raised in the amended complaint will be deemed waived. Plaintiff may *not* incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: October 3, 2013

RICHARD SEEBORG
United States District Judge